# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| In re:<br><br>THIAGO D. VINHAS and<br>ELAINE C. VINHAS<br><br>      Debtors. | Case No. 6:21-bk-00051-GER<br><br>Chapter 13 case |

## LIMITED OBJECTION TO MOTION TO WITHDRAW
## AS COUNSEL FOR THE DEBTOR

Creditor, Sami Banoub ("Banoub"), by and through undersigned counsel and pursuant to 11 U.S.C. § 105(a), files this limited objection to the Motion to Withdraw as Counsel for the Debtor, [ECF No. 221] (the "Motion"), filed by Wayne B. Spivak, Esq., of the law firm of Justin Clark & Associates, PLLC ("Counsel"), counsel for Debtors, Thiago D. Vinhas and Elaine C. Vinhas (the "Debtors"), and states as follows:

1. On January 7, 2021, Debtors, with the assistance of Counsel, filed their joint petition for relief under Chapter 13 of Title 11 of the United States Code, thereby initiating the instant case. [ECF No. 1].

2. Prior to the filing of the Debtors' case, Banoub received a judgment against the Debtors.

3. After filing their case, the Debtors' moved to avoid Banoub's judgment lien against their homestead, which the Court granted. [ECF Nos. 45, 58].

4. The Debtors later moved to sell their homestead, which this Court similarly granted. [ECF Nos. 157, 158, 166, 179].

5. In the nearly two years that have passed, the Debtors have been the subject of seven different motions to dismiss filed by Laurie Weatherford, Chapter 13 Trustee. [ECF Nos.

34, 40, 53, 85, 115, 186, 203, 204]. The most common reason was that the Debtors fell behind on their payments and subsequently caught up, which resulted in the pending motion being withdrawn.

6. Across the country, historically less than half of chapter 13 cases are completed. Samuel J. Turco, Jr., *Chapter 13 Success Rate Greater Than Credit Counseling Plans*, Am. Bankr. Inst., https://www.abi.org/feed-item/chapter-13-success-rate-greater-than-credit-counseling-plans (reposting article from Nebraska Debt & Bankruptcy Blog, dated Nov. 1, 2016).

7. The Court's order avoiding Banoub's judgment lien was, however, conditioned upon the Debtors' successful completion of their Chapter 13 Plan. The Debtors received $181,960.82 in proceeds on April 29, 2022, and transferred the funds from the JPMorgan Chase bank account to what appears to a prepaid credit card issued by Metropolitan Commercial Bank in conjunction with Crypto.com and Foris, Inc. (the "MCB Account") on May 2, 2022.[1] Banoub is uncertain where the funds have moved to since the May 2, 2022 transfer. In addition, the Debtors have made payments to the Law Office of Corey I. Cohen & Associates not employed under the supervision of this Court[2] and non-plan payment to Counsel outside of the normal compensation scheme under the Bankruptcy Code.

8. In light of the generally limited prospects for a successful reorganization by the Debtors with counsel and the ongoing abuses of the bankruptcy process, including multiple harassing emails sent by Thiago Vinhas to Banoub, Banoub is extremely concerned about the potential for further abuse by the Debtors if this case were to be dismissed. Specifically, Banoub's judgment lien against the homestead proceeds would be reinstated by operation of law but the

---

[1] Based on a review of the Debtors' bank statements, the MCB Account is one of at least six accounts that the Debtors are making post-petition payments on outside of the Plan.
[2] Disgorgement of the improperly paid attorney's fees is an appropriate if not remedied by the Debtors.

funds will likely have disappeared through a series of financial transactions (existing and additional).

9. Further compounding this concern is that Banoub understands that the Debtors now, after enjoying two years of bankruptcy protections, the sale of their homestead without paying Banoub's judgment lien, and a lavish lifestyle at the expense of their legitimate creditors, wish to dismiss their case.

10. While Banoub does not believe Counsel had a hand in any of the foregoing, Banoub objects to the withdrawal of Counsel without a new attorney being retained by the Debtors and the current amount of Banoub's judgment lien (original with interest) being deposited into the Court's registry. Respectfully, Banoub requests the Court schedule a hearing on the Motion despite the limited nature of his objection.

**WHEREFORE**, Creditor, Sami Banoub, respectfully requests entry of an order (i) granting the Motion but subject to the following conditions (a) staying the order pending the Debtors' retaining new counsel within 30 days; (b) depositing the current amount of Banoub's judgment with interest into the Court's registry; and (c) directing the Debtors to provide a full accounting of all extra-Plan payments made post-petition to the Court within 14 days; (ii) awarding Banoub his attorney's fees and costs in bring this objection pursuant to the Stipulation and related Order, [ECF Nos. 109, 111], and (iii) such further and other relief as the Court deems just and proper.

Dated: January 10, 2023.              Respectfully submitted,

**SHUMAKER, LOOP & KENDRICK, LLP**

/s/ *Andrew S. Ballentine*
**ANDREW S. BALLENTINE**
Fla Bar No: 118075
asballentine@shumaker.com

bgasaway@shumaker.com  
101 E. Kennedy Blvd., Suite 2800  
Tampa, Florida 33602  
Phone: (813) 229-7600  
*Counsel for Creditor, Sami Banoub*

**CERTIFICATION OF SERVICE**

I hereby certify that on January 10, 2023, a true copy of the foregoing, together with any exhibits, was filed with the Clerk of Court and furnished electronically to all registered CM/ECF users.

/s/ *Andrew S. Ballentine*  
**ANDREW S. BALLENTINE**